UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| CARY J. DEATON, | CIVIL ACTION |
| --- | --- |
| Plaintiff | |
| VERSUS | NO. 18-4066 |
| MICHAEL J. GLASER, ET AL., | SECTION: "E" (1) |
| Defendants | |

## ORDER AND REASONS

Before the Court is a renewed motion to dismiss filed by Defendants Michael J. Glaser and the Kenner Police Department seeking dismissal of Plaintiff Cary J. Deaton's remaining claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The motion is unopposed.[2] For the following reasons, the motion is **GRANTED**.

## I.  BACKGROUND

In his amended complaint, Plaintiff alleges he was falsely arrested on September 21, 2017, following an incident that occurred at a Kenner Walmart.[3] Plaintiff contends that David Michel, who is not a party to this suit, falsely accused Plaintiff of pointing a gun at him in the Walmart parking lot, thereby leading the Kenner Police Department to arrest Plaintiff.[4] Plaintiff alleges that both video footage and the police report of the incident confirmed that he did not "elevate a gun at the defendant," yet he was still arrested and detained until 5:00 p.m. that day.[5] Additionally, Plaintiff alleges that Kenner Police officers threatened to "taze" him.[6] Finally, Plaintiff alleges that record of his arrest

---

[1] R. Doc. 14.
[2] Defendants filed their renewed motion to dismiss on July 10, 2018, with a submission date of July 25, 2018. R. Doc. 14. Thus, Plaintiff's opposition was due by not later than July 17, 2018. As of this date, July 30, 2018, no opposition has been filed.
[3] R. Doc. 1 at 1.
[4] *Id.*
[5] R. Doc. 11 at 2.
[6] *Id.*

1

is now viewable on the internet, even though the Kenner Police Department knew it was "false and defamatory."[7] Based on these facts, Plaintiff brings claims pursuant to 42 U.S.C. § 1983 against Chief Glaser in his personal capacity and the City of Kenner as well as several state law based claims against Defendants, specifically: false imprisonment, entrapment, stalking, aggravated assault, malicious prosecution, loss of reputation, defamation, intentional infliction of emotional distress, mental anguish, and pain and suffering.[8]

On May 14, 2018, Defendants filed a motion to dismiss. In their motion, they argued that: (1) the Kenner Police Department is not a legal entity capable of being sued;[9] (2) Plaintiff's claims against Chief Glaser in his official capacity are in truth claims against the City of Kenner; (3) the claims against Chief Glaser in his individual capacity must be dismissed, as Plaintiff does not allege he had any personal involvement in the incident forming the basis of Plaintiff's claim;[10] and (4) Plaintiff's remaining claims must be dismissed because Plaintiff has failed to state a plausible claim for relief.[11] Plaintiff filed an opposition on June 13, 2018.[12]

On June 15, 2018, this Court granted in part and denied in part Defendants' motion to dismiss, and further ordered that Plaintiff file an amended complaint.[13] On June 21, 2018, Plaintiff timely filed an amended complaint, reasserting his claims under 42 U.S.C. § 1983 against the City of Kenner and Michael J. Glaser as well as his state law based claims.[14] On July 10, 2018, Defendants filed a renewed motion to dismiss, arguing: (1)

---

[7] *Id.*
[8] *Id.* at 1–2.
[9] R. Doc. 5-1 at 3.
[10] *Id.* at 5.
[11] *Id.* at 6–14.
[12] R. Doc. 9.
[13] R. Doc. 10.
[14] R. Doc. 11.

Plaintiff's claims are redundant, as any claims asserted against Mr. Glaser "in his official capacity are treated as claims against the City of Kenner," (2) the facts alleged in Plaintiff's amended complaint do not cure the defects in his original complaint, and (3) that Plaintiff failed to state a cause of action under 42 U.S.C. § 1983.[15]

## II. DISCUSSION

Plaintiff failed to timely file an opposition to Defendants' renewed motion to dismiss. The Court nevertheless reviews Plaintiff's claims to determine whether he has stated a plausible claim for relief. Ultimately, the Court dismisses Plaintiff's § 1983 claims with prejudice, and declines to exercise jurisdiction over Plaintiff's remaining state law based claims, dismissing them without prejudice.

### A. Plaintiff's Claims against Chief Glaser in his Personal Capacity

In his amended complaint, Plaintiff has not provided any additional facts necessary to state a personal capacity claim against Chief Glaser. To state a personal capacity claim under § 1983, a plaintiff must allege that, while acting under color of state law, the defendant was personally involved in the deprivation of a right secured by the laws or Constitution of the United States, or that the defendant's wrongful actions were causally connected to such a deprivation.[16] Absent personal involvement or notice, supervisors cannot be held liable for subordinates' actions.[17] Because Plaintiff has not alleged Chief Glaser had any personal involvement in this case, or that his actions had any causal connection to his claims, the Court will dismiss Plaintiff's remaining claims against Chief Glaser.[18]

---

[15] R. Doc. 14.
[16] *James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008).
[17] *Id.* (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 454 (5th Cir. 1994) (en banc)).
[18] To the extent Plaintiff reasserts his official capacity claim against Chief Glaser, the Court dismissed this claim with prejudice in its order on Defendants' first motion to dismiss. R. Doc. 10 at 3.

### B. Plaintiff's Claims against the City of Kenner

A municipality may be liable under § 1983 if it "subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation."[19] To prevail on a § 1983 claim against a local government or municipality, a plaintiff must establish: (1) an official policy or custom, of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom.[20] An "official policy" for purposes of § 1983 includes: (1) "[a] policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority"; (2) a persistent and widespread practice of city officials or employees, "which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy";[21] and (3) in some circumstances, "a final decisionmaker's adoption of a course of action 'tailored to a particular situation and not intended to control decisions in later situations.'"[22]

In his amended complaint, Plaintiff has failed to point to any alleged policy or custom that led to a violation of his constitutional rights. Thus, Plaintiff has failed to state a claim against the City. The Court will dismiss Plaintiff's claims against the City of Kenner.

### C. Plaintiff's State Law Claims

Having dismissed each of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. District courts have discretion not

---

[19] *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (internal quotation marks omitted).
[20] *Valle v. City of Hous.*, 613 F.3d 536, 541–42 (5th Cir. 2010).
[21] *Brown v. Bryan Cty.*, 219 F.3d 450, 457 (5th Cir. 2000). "Actual or constructive knowledge of such [a] custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority." *Webster v. City of Hous.*, 735 F.2d 838, 841 (5th Cir. 1984).
[22] *Bryan Cty.*, 520 U.S. at 406 (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986)).

to exercise supplemental jurisdiction over a claim when all claims over which the court had original jurisdiction have been dismissed.[23] Although the "'general rule' is to decline to exercise jurisdiction over pendent state-law claims" under such circumstances, the "rule is neither mandatory nor absolute."[24] Rather, a court must consider "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."[25] Having considered the applicable law, the complexity of Plaintiff's remaining state law claims, and the fact that the trial of this matter has not yet been set, the Court declines to exercise supplemental jurisdiction over these claims and dismisses Plaintiff's remaining state law claims without prejudice.[26]

Accordingly;

## CONCLUSION

**IT IS ORDERED** that Defendants Michael J. Glaser and the Kenner Police Department's motion to dismiss is **GRANTED**.[27]

**IT IS FURTHER ORDERED** that Plaintiff Cary J. Deaton's federal claims against Defendants be and hereby are **DISMISSED WITH PREJUDICE**.

---

[23] 42 U.S.C. § 1367(c)(3). 42 U.S.C. § 1367(c) reads:
    The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if:
        (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
        (3) the district court has dismissed all claims over which it has original jurisdiction, or
        (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

[24] *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (quoting *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998)).

[25] *Id.* (citations omitted).

[26] *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims"); *Batiste*, 179 F.3d at 227 (reversing the district court for declining to retain supplemental jurisdiction over the state law claims that remained following the district court's grant of summary judgment on all of the plaintiff's federal claims because "the remaining [state law] claims d[id] not involve any 'novel or complex' issues of state law," and "[t]he case had been pending in the district court for almost three years"). The Court dismisses without prejudice all of Plaintiffs' remaining state law claims against each Defendant in this case.

[27] R. Doc. 14.

**IT IS FURTHER ORDERED** that Plaintiff's state law claims be and hereby are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 30th day of July, 2018.

                                      _____
                                      **SUSIE MORGAN**
                                   **UNITED STATES DISTRICT JUDGE**